*163 OPINION of the Court, by
Judge Logan
_The appellant asserts his right to certain land derived under an entry made on the 19th of November 1781, by Willi *164 am Mayo, for 2009 acres, represented as lying “ on Ike waters of Muddy creek, to include all the vacant land adjoining Boyle’s pre-emption on the north and cast, to extend north and cast for quantity.”
An entry to adjoin E« on the eaft, and include B’s improvement,” invalid fyecaufe B’» improve, ment was not notorious, nor within reafona-ble fearch— Accord, vol. i, Wilfen vs. M'Gee, 34.
The notori-, *ety of B’s fpring about 100 poles from the improve - ment cannot help out the entry, &c.
John Boyle had obtained from the court of commissioners a certificate for a pre-emption of 1000 acres, on the 24th of December 1779, “ lying' on a branch of Muddy creek, joining James Estill on the east side, by marking and improving the same in the year Iff5, to include his improvement.”
And James Estill had previously obtained a certificate for a pre-emption of 1000 acres, on the waters of Muddy creek and Otter creek, depending essentially on the call to include his improvement. And on the 26th of April 1780, entered his pre-emption with the surveyor .conformably to said location. But the entry with the surveyor of Boyle’s pre-emption had not been made when Mayo’s entry was made.
It is a fact that Estill’s improvement was not notorious at the time he obtained his certificate from the commissioners ; but he erected a station on Ins pre-emption in February or March 1780, from which period the place thus improved became generally known in that part of the country.
It will not, however, according- to our impressions, be important to determine whether (lie notoriety of Estill’s improvement in the year 1781, would be sufficient to sustain the entry of the appellant, since we are of opinion that for other reasons it cannot be supported.
Boyle’s improvement liad at no period acquired any degree of notoriety, except so far as a knowledge by himself and another person who accompanied him in 1775, when ire-made it, gives to it notoriety: for it is not proven to have been known to a single witness in Estill’s station. It was known, to be sure, that his preemption lay adjoining Estill’s in some manner on the east, Estill had been heard to say so •, and the certificate of pre-emption evinced the fact. But as the manner of laying down his claim depended in some measure on his improvement, it became indispensable to know its situation, in order to understand its effect on the form and position of the land. '
We had considerable doubt, whether from the contiguity of the improvement as identified, and Estill’s eastern boundary, in connection with the circumstanc» *165 of Boyle’s spring, which seems to have been known by some at Estill’s station in 1780-81, both situated immediately on a branch of Muddy creek, we ought not to presume that the improvement might on reasonable diligence have been ascertained by a subsequent locator.
But if an inquirer had even been induced to examine in the vicinity of the spring for the improvement, it would have been unavailing, in as much as the improvement appears to be about 100 poles from the spring, and nearly as much more from Estill’s eastern boundary, in a southeastwardly course ; and that 1000 acres laid down adjoining Estill’s pre-emption on the east, and extended at light angles therefrom, would not comprehend the improvement, but would leave it to the south. When to these considerations are added, that another branch of Muddy creek is shown, which heads nearly opposite the. centre of Estill’s eastern boundary, and runs eastwardly, the presumption, in favor of the improvement is rendered too weak to support the entry : for it wanted notoriety, and fails to give sufficient description.
And as the entry of the appellant depends on tins, and partakes of the same uncertainty, it must share the same
Decree affirmed with costs.